IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KRISTA ANN ROSKY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 09-1051 |
| | ) |
| PLUM BOROUGH and | ) |
| ALLEGHENY COUNTY, | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM

Gary L. Lancaster,
Chief Judge.                                      May 10, 2010

This is a civil rights case brought pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983 ("section 1983"). Plaintiff alleges she was unlawfully arrested, detained, and searched in violation of her rights under the Fourth Amendment to the United States Constitution.

Pending is a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) filed on behalf of defendant Allegheny County [Doc. No. 13]. Defendant Plum Borough has filed an answer to the complaint. For the reasons set forth below, we will deny the motion.

I.  STANDARD OF REVIEW

In considering a Rule 12(b)(6) motion, we must be mindful that federal courts require notice pleading, as opposed to the heightened standard of fact pleading. Federal Rule of Civil Procedure 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the

grounds on which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

To survive a motion to dismiss, plaintiff must allege sufficient facts that, if accepted as true, state "a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). A claim has facial plausibility when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant may be liable for the misconduct alleged. Iqbal, 129 S.Ct. at 1949.

We may not dismiss a complaint merely because it appears unlikely or improbable that plaintiff can prove the facts alleged or will ultimately prevail on the merits. Twombly, 550 U.S. at 556, 563 n.8. Instead, we must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. Id. at 556.

It is on this standard that the court has reviewed defendant Allegheny County's motion to dismiss.

II. DISCUSSION

Plaintiff alleges that in April of 2009, Plum Borough and Allegheny County violated her Fourth Amendment rights in two ways: (1) by arresting and detaining her without a valid warrant or probable cause (Counts I and II); and (2) by searching her person and belongings without a valid warrant or probable cause (Counts I

and III).

Plaintiff alleges that both Plum Borough and Allegheny County were acting pursuant to a custom or practice (although she does not use those words in her complaint) and/or with deliberate indifference.

Plaintiff does not seek to impose respondeat superior liability on defendants based on the acts of their employees.

We find that the complaint meets the minimum requirements to proceed to discovery. She adequately alleges unlawful arrest, detainment, and searches by both defendants. At this point in the proceedings, we cannot assess the merits of the case or prejudge the facts as plead. Whether the arrest, detainment, and searches were pursuant to a valid arrest warrant or were reasonable under the circumstances are questions for another day. Accordingly, Allegheny County's motion to dismiss must be denied.

We note, however, that plaintiff seeks punitive damages in this case. Although neither defendant has raised the issue, the law is clear that punitive damages are not available against municipalities under section 1983. <u>Newport v. Facts Concerts, Inc.</u>, 453 U.S. 247, 271 (1981) (stating "we hold that a municipality is immune from punitive damages under 42 U.S.C. § 1983"). Therefore, we will strike plaintiff's demand for punitive damages from the complaint <u>sua sponte</u> pursuant to Fed. R. Civ. P. 12(f)(1).

An appropriate order follows.

3

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KRISTA ANN ROSKY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| v. | ) Civil Action No. 09-1051 |
| | ) |
| PLUM BOROUGH and | ) |
| ALLEGHENY COUNTY | ) |
| | ) |
| Defendants. | ) |

ORDER

On this 10th day of May, 2010, upon consideration of Defendant Allegheny County's Motion to Dismiss [Doc. No. 13], IT IS HEREBY ORDERED that the motion is DENIED.

BY THE COURT:

/s/ _____, C.J.

cc: All Counsel of Record

4